HALL, Judge.
The defendant was charged in Shreveport City Court by separate affidavits with two counts of simple battery of a police officer in violation of LSA — R.S. 14:34.2, resisting an officer in violation of Shreveport City Code § 21-4, and use of profane language in violation of Shreveport City Code § 21-28. By agreement and after the defendant expressly waived trial by jury, these charges were consolidated for trial before a judge. A judgment of dismissal was granted the defendant on one of the two counts of simple battery but the defendant was convicted on all other charges. On the simple battery and resisting arrest charges, the defendant received concurrent sentences of a fine of $350 plus court costs or 35 days in jail as well as 45 days in jail, 15 of which were to be served on a work release program with the other 30 days suspended and two years unsupervised probation imposed. On the use of profane language charge, the defendant was fined $50 plus court costs or five days in jail.
The defendant appealed, assigning as error the trial court’s failure (1) to find that the initial stop of the defendant was an arrest and that the arrest, or in the alternative, the stop and frisk, was without probable or reasonable cause; and (2) to find that because of the illegality of the arrest or stop and frisk the defendant was justified in resisting the officers by means of using profanity or physical resistance. Finding no error in the trial court rulings, we affirm the defendant’s convictions and sentences.
On August 2,1982, at approximately 2:00 a.m., Shreveport police officers noticed a pickup truck parked on a vacant lot in downtown Shreveport near a construction site. Upon investigation, two individuals, a white male and a young white female, were discovered sitting in the truck. Upon being questioned about their presence, the white male identified himself as Alan Potts and informed the officers that they were waiting for a friend. One of the officers ran a vehicle license and registration check on the pickup truck and found that it belonged to a Bobby C. Miller, the defendant. Potts then informed the officers that he and the girl were waiting for her husband who had gone with a black man in a beige car to purchase some marijuana and they expected those individuals to return at any moment.
The officers backed off the location and placed the truck under surveillance. Some 15 to 20 minutes later a light blue and beige Mercury Cougar occupied by a black male and two white males pulled in and stopped beside the pickup truck. The officers, all of whom were in uniform, then converged on the car and ordered the occupants to get out and place their hands on the car. The *869 officers then began to frisk the occupants of the car for weapons. These precautions were taken because of the lateness of the hour, the isolated location in which the incident occurred, and the possibility that the officers might well be interrupting the consummation of a drug deal.
The black male and one of the white males complied with police orders to put their hands on the car. The defendant, however, began to question the officers as to the reason for the stop, using profane language several times. The defendant was informed that the officers were conducting an investigation. Despite this response to his inquiry, the defendant continued to curse the officers and would not keep his hands on the vehicle as requested. After enduring several profane outbursts by the defendant, the officers arrested him for the use of profane language in violation of Shreveport City Code § 21-28.
The defendant strenuously resisted his arrest by struggling with the officers to prevent being handcuffed and was literally dragged kicking and screaming to the police vehicle and forcibly placed in the back seat. During the struggle, the defendant kicked one of the officers several times.
Defendant relies on White v. Morris, 345 So.2d 461 (La.1977); City of New Orleans v. Lyons, 342 So.2d 196 (La.1977); and City of Monroe v. Ducas, 203 La. 971, 14 So.2d 781 (1943), which hold that a citizen has a right to resist an unlawful arrest. The defendant does not contend that he did not violate the state statute and city ordinances, but contends that the violations were justified. He contends that he is not guilty of the offenses charged because he was justified in using profane language, in fighting with the police officers, and in resisting his arrest because the stop and frisk and the arrest were unlawful. We reject these contentions. The officers had reasonable cause to stop and frisk and probable cause to arrest. Their actions were lawful and defendant’s actions were not justified and were unlawful.
A law enforcement officer may make an investigatory stop when it is reasonable to believe that a suspect has engaged in or is engaging in criminal activity. Reasonable cause for an investigatory stop is something less than probable cause.. Nevertheless, the officer must have articu-lable knowledge of particular facts which, in conjunction with reasonable inferences drawn therefrom, are sufficient to provide reasonable grounds to suspect the party involved of past, present, or imminent criminal activity. The existence of reasonable cause must be determined under the facts of each case by ascertaining whether the officer had sufficient knowledge of circumstances which would justify an infringement upon the individual’s right to be free of governmental interference. LSA-C. Cr.P. Art. 215.1 A; State v. Bickham, 404 So.2d 929 (La.1981). Once a lawful stop or detention for questioning is made, a police officer is justified in frisking the suspect for weapons under circumstances where the officer reasonably believes that he is in danger. LSA-C.Cr.P. Art. 215.1 B; State v. Jernigan, 377 So.2d 1222 (La.1979).
Here, the officers were reasonably justified in believing that the defendant was engaged in criminal activity involving marijuana. They were told by the on-the-scene informant that the defendant had gone to purchase marijuana and would be back momentarily. The informant’s information was from his own personal observation and to some extent was a declaration against his interest, enhancing the reliability of the information. The reliability of the information was further enhanced when a car matching the general description given to the officers by the informant, occupied by persons matching the general description given by the informant, drove up and parked beside the informant’s vehicle.
Given these circumstances the officers had reason to believe that a criminal offense had been or was about to be committed and were justified in conducting an investigatory stop and questioning the occupants of the vehicle, including the defendant. Given the suspicious movements of the occupants inside the vehicle when the officers approached, as well as the fact that *870 the incident occurred in the early morning hours in a deserted area of the city and the fact that the officers had reason to believe they were interrupting the consummation of criminal activity, the officers were justified in believing they were in danger and in conducting a frisk for weapons. The stop and frisk of the defendant by the officers was lawful.
Before a police officer without a warrant may arrest a person he must have probable cause to believe that the person has committed a criminal offense. LSA-C.Cr.P. Art. 213; State v. Davis, 359 So.2d 986 (La.1978).
Despite the officers’ explanation to the occupants of the car of the reason for the investigatory stop and frisk, the defendant refused to cooperate in the search for weapons and repeatedly addressed profanities to the officers. The defendant’s actions gave the officers probable cause to arrest him for the use of profane language in violation of Shreveport City Code § 21-28. Consequently, the defendant’s arrest for a violation of that ordinance was lawful.
Since the stop and frisk and the arrest conducted in this case were based on reasonable and probable cause respectively, and were therefore lawful, the defendant’s use of profanity and violence in resisting the actions of the police officers was unjustified and unlawful. The defendant’s convictions and sentences are affirmed.
Affirmed.