FORET, Judge.
This is an appeal from an adjudication of delinquency. Having found that Stephen E. Bland had violated LSA-R.S. 14:98 (driving while intoxicated), the trial court adjudicated the juvenile a delinquent child in need of rehabilitation and a proper person for commitment to the Department of Corrections. The court placed the juvenile on unsupervised probation, subject to several *1197 special conditions. The juvenile has appealed and urged three assignments of error:
(1) That the evidence was insufficient to prove, beyond a reasonable doubt, that the juvenile had violated LSA-R.S. 14:98;
(2) That the trial court erred in allowing the district attorney to sever, moments before the trial and without notice to counsel, other grounds contained in his petition; and
(3) That there was no attempt to prove that the juvenile was in need of supervision or care.
FACTS
On December 25, 1983, shortly after midnight, a car driven by Stephen E. Bland left the roadway and struck a house in the City of Lake Charles. The house was on a straight stretch of the street with no curves or corners in the nearby vicinity. There was, however, testimony that the night was cold and the roads were icy.
The first police officer to arrive at the scene was Detective Keith Holland. The detective found the juvenile inside the home talking on the telephone. He had to ask the juvenile twice to produce his driver’s license. The detective testified that the juvenile was extremely excited, verbally combative, somewhat disoriented, and that his speech was slurred. Detective Holland testified, however, that as the juvenile stood talking on the phone, he was motionless and did not sway.
The next officer to arrive on the scene, Patrick Dix, was the officer who actually conducted the investigation of the accident. He testified that the juvenile’s eyes were bloodshot, that he had a strong odor of alcohol, and that he was a “little deranged.”
Danny Walker, the last officer to arrive, found the juvenile already under arrest and in the back seat of a patrol car. The juvenile was transferred to Walker’s patrol car for the trip to the station. Officer Walker testified that the juvenile’s eyes were bloodshot and that he had a strong odor of alcohol on his breath. He also indicated that the juvenile was extremely emotional and experiencing mood swings.
SUFFICIENCY OF THE EVIDENCE
Article 73 of the Louisiana Code of Juvenile Procedure provides that for a child to be adjudicated delinquent, the state must prove, beyond a reasonable doubt, that the child committed a delinquent act. A delinquent act includes the violation of the statutes or ordinances of this State. LSA-C. J.P. Art. 13(7). In the present case, the juvenile was found to have committed the offense of driving while intoxicated, in violation of LSA-R.S. 14:98.
When reviewing the sufficiency of evidence, an appellate court is limited to a determination of whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found, beyond a reasonable doubt, that the defendant was guilty. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783-2784, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984). This standard of review applies to juvenile proceedings. State In Interest of Pigott, 413 So.2d 659 (La.App. 1 Cir. 1982).
In order to prove a violation of R.S. 14:98, the state needs only to prove that: (1) the defendant was operating the vehicle or the conveyance, and (2) that defendant was under the influence of alcoholic beverages or some other drug. State v. Fontenot, 408 So.2d 919 (La.1981). In the present case, the evidence showed that the juvenile was driving a car which left the roadway and struck a house. There was testimony to indicate that the juvenile appeared intoxicated: he staggered when he walked and appeared disoriented, his eyes were bloodshot, and his speech was slurred. There was also testimony that the juvenile was highly emotional and verbally combative. This evidence was sufficient for a rational trier of fact to conclude that the juvenile committed the offense of driving while intoxicated. The court, having found that the juvenile had violated R.S. 14:98, properly adjudicated the sixteen- *1198 year-old defendant a delinquent child. See LSA-C.J.P. Art. 13.
ASSIGNMENT OF ERROR NUMBER 3
Having found that the court acted properly when it adjudicated the juvenile delinquent, we need not consider this assignment of error. When a petition requests that a child be adjudicated delinquent, the court may adjudicate the child in need of supervision if the court finds that the evidence warrants such an adjudication. LSA-C.J.P. Art. 76(B). In the present case, the trial court determined that the evidence warranted an adjudication of the juvenile as a delinquent rather than as a child in need of supervision.
ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, the juvenile contends that the trial court erred when it allowed the district attorney to sever other grounds for adjudicating him a delinquent moments before the trial and without notice to the defense counsel.
The State had filed three petitions which charged the juvenile with six offenses, all of which were scheduled for trial on the same day. A petition filed on January 9, 1984, charged the juvenile with committing two offenses: disturbing the peace, in violation of LSA-R.S. 14:103 subd. A(3), which arose from an incident occurring on August 9, 1983; and driving while intoxicated, in violation of LSA-R.S. 14:98, which arose from a separate incident that occurred on December 25, 1983. At trial, the court allowed the State to sever the charge for disturbing the peace and proceed with the charge for driving while intoxicated. The trial court also deferred the hearing of the two other petitions. The violations alleged in these other petitions arose out of incidents unrelated to the two offenses alleged in the January 9, 1984 petition.
Article 75 of the Louisiana Code of Juvenile Procedure states in part:
Art. 75. Severance for adjudication
If the petition alleges more than one factual basis for finding that the child is a delinquent, in need of supervision, or in need of care, the court may, in the interests of justice, order separate adjudication hearings.”
The juvenile could have been adjudicated a delinquent on the basis of either the charge of driving while intoxicated or the charge of disturbing the peace. Accordingly, it was within the trial court’s discretion to sever the offenses contained in the January 9, 1984 petition.
In his brief, the juvenile’s counsel contends that if all the allegations had been tried together, the trial court would have recognized that they were unfounded. There appears to be no merit to this contention. The two violations alleged in the January 9, 1984 petition arose out of unrelated incidents, and these two offenses were likewise unrelated to the offenses alleged in the other two petitions.
In his brief, the juvenile’s attorney contends that the trial court erred when it excluded testimony regarding the possible cause of the juvenile’s accident. We find this objection without merit, since an examination of the record shows that the trial judge did not exclude the evidence as claimed by the juvenile’s attorney. At trial, the juvenile’s attorney was cross-examining Officer Dix when he tried to elicit an answer as to a possible cause of the accident. The State objected, claiming irrelevancy. The trial court never ruled on the State’s objection. At that point, court was recessed with the understanding that the witness would be recalled. Later in the trial, however, the juvenile’s attorney informed the court that he did not wish to recall Officer Dix.
Additionally, we note that the officer did testify that the roads were icy the night of the accident. The trier of fact, here the trial judge, was competent to draw the conclusion that a possible cause of the accident, or a contributory cause, was the icy condition. The testimony of the officer, in this regard, would have been unnecessary opinion evidence. We conclude that even if the trial judge would have excluded *1199 the evidence, it would not have been an abuse of his discretion.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.