509 So.2d 86 (1987)
STATE of Louisiana
v.
Michael Authur ELIAS.
No. 86 KW 1288.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Writ Denied September 25, 1987.
Dist. Atty's Office, 21st Judicial Dist., Livingston, for plaintiff.
Frank Ferrara, Walker, for defendant.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
This action resulting from the denial of a motion to suppress is before us on remand *87 from the Louisiana Supreme Court, 497 So.2d 1008.
On March 5, 1986, defendant, Michael Authur Elias, was charged with possession of marijuana with intent to distribute, LSA-R.S. 40:966 A(1), and with improper lane usage in violation of LSA-R.S. 32:79.
A motion to suppress was filed on April 9, 1986, and heard on June 10, 1986. The trial court denied the motion. Thereafter, defendant applied to this court for writ of review which was denied on October 20, 1986. Defendant then applied for writ of certiorari and/or review which was granted by the Supreme Court on December 5, 1986. The court remanded the case to this court for briefing, argument and an opinion.
The following facts were elicited at the pre-trial hearing on the motion to suppress. The testimony of the arresting officer, State Trooper David K. Robertson, reveals that defendant was stopped on an interstate highway on the afternoon of March 5, 1986. Robertson made the stop after observing defendant's vehicle weave by crossing the lane dividing line on his left on one occasion and the solid line on his right on two occasions.
Defendant exited his vehicle and produced his driver's license. Robertson asked for the registration on the vehicle. Defendant informed him that he was going to Florida to visit friends and that the car had been loaned to him by "James." Defendant did not know James' surname. Robertson again asked defendant to get the vehicle registration papers.
Defendant went to the driver's side of the car, opened the door, and reached into the glove compartment. Robertson went to the passenger side door, which defendant had opened. At that point, Robertson smelled a strong odor of marijuana. He felt under the seat to check for weapons and found nothing. Defendant produced registration papers in the name of E. Cardell Garrison.
Robertson noticed that defendant was very nervous. He was shaking, his speech stuttered, and he appeared distressed. Robertson asked the defendant if he could search the car; defendant agreed and signed a consent to search form.
Nothing suspicious was found in the car's interior. Robertson then asked the defendant for the trunk keys, but defendant said the only key he had was the ignition key. Robertson then retrieved the ignition key from defendant, turned on the ignition, and activated the automatic trunk release. He then found six large, green duffle bags. They appeared to be full and felt as though they contained a spongy, leafy material. Robertson also smelled a strong odor of marijuana. The defendant was subsequently arrested.
Defendant's version of the incident differs in some respects. He denied weaving on the highway but admitted he may have "floated" within his lane, which he blamed on his nervousness due to his being followed by Robertson's vehicle. However, Robertson's vehicle was not readily identifiable as a police car. Defendant testified that Robertson had accused him of carrying a weapon. He also stated that Robertson had a conversation about terrorism and weapons with another officer who arrived on the scene. Defendant stated that he agreed to sign the consent to search form only so that his car could be searched for weapons. Defendant stated that he was a "little" afraid of Robertson because of his aggressive attitude.
Although the consent to search form was not introduced into evidence at the hearing on the motion to suppress, defendant admits that he signed it and does not contend that his consent was limited only to the passenger compartment of the car. Defendant does not contend that he objected to the search of the trunk or in any other manner signified the withdrawal of his consent to search.

ASSIGNMENT OF ERROR
Defendant assigns only one assignment of error, that being that the trial judge erred in denying his motion to suppress.
Defendant's arguments in support of his motion to suppress concern the validity of both the initial stop by Robertson and the *88 consent to search. He contends that Robertson lacked reasonable cause for the stop and that the consent to search was invalid.[1]

DISCUSSION
The Fourth Amendment to the Federal Constitution and Art. 1, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953,104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Andrishok, 434 So.2d 389 (La.1983). It has been held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by examining whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Williams, 416 So.2d 91 (La.1982); City of Alexandria v. Webster, 490 So.2d 747 (La.App. 3rd Cir. 1986); State v. Myers, 490 So.2d 700 (La. App. 2nd Cir.1986); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986); State v. Eppinette, 478 So.2d 679 (La.App. 2nd Cir. 1985). But see, however, State v. Vaughn, 448 So.2d 915 (La.App. 3rd Cir.1984). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Belton, supra; State v. Andrishok, supra.
Robertson observed defendant's vehicle weaving on the interstate. Relying on Robertson's testimony, we find that defendant's traffic deviation was pronounced in that defendant strayed from his lane of travel on three occasions. Further, defendant's repeatedly crossing dividing lines on the highway without apparent reason or justification justified an initial investigatory stop since these actions would reasonably raise suspicion of criminal activity, for example, driving while intoxicated. Further detention of a limited nature was justified when defendant could not recall the owner of the vehicle's name. Thereafter, checking the registration papers to determine ownership of the vehicle was a reasonable precaution under the circumstances. Thus, having found a legal investigatory stop, we must now determine the validity of the subsequent search of the vehicle.
It is well settled under both federal and state constitutions that a search conducted without a warrant issued upon probable cause is per se unreasonable. However, in order for a warrantless search of a vehicle to be constitutional, two conditions must be met: (1) there must be probable cause to believe that the vehicle contains contraband or evidence of a crime, and (2) there must be exigent circumstances requiring an immediate search. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Guzman, 362 So.2d 744 (La.1978), cert. denied, 443 U.S. 912, 99 S.Ct. 3103, 61 L.Ed.2d 876 (1979). The search warrant requirement is subject to only a few specifically established and well-delineated exceptions. One of the specifically established exceptions to both the need for a warrant and for probable cause is a search conducted pursuant to consent.
The burden is upon the state to prove that the consent was given freely and voluntarily. Voluntariness is a question of fact to be determined by the trial *89 judge under the facts and circumstances surrounding each case. The factual determinations of the trial judge are given great weight on appellate review. State v. Smith, 433 So.2d 688 (La.1983); State v. Ludwig, 423 So.2d 1073 (La.1982); State v. Yarbrough, 418 So.2d 503 (La.1982); State v. Wolfe, 398 So.2d 1117 (La.1981).
We find no indication in the record that defendant's consent was coerced or limited in any way. Defendant's claims that he felt intimidated and intended that the search be limited to one for weapons are not supported by the record.
We thus conclude that the trial court was correct in finding that defendant freely and voluntarily consented to the search of the vehicle and that the resultant seizure of evidence was lawfully obtained. The district court correctly denied defendant's motion to suppress.
AFFIRMED.
NOTES
[1] Defendant also raises as an issue the validity of the alleged initial search of his car, i.e., the "search" for weapons. We choose to summarily dispose of this argument.

Defendant claims that the incriminating odor would not have been discovered without this search. However, the odor was noticeable even through the open door of the car, according to the Trooper. We note that defendant does not claim that the Trooper either saw or retrieved anything during this "search." In fact, when a thorough search of the vehicle's interior was conducted subsequent to the consent to search, nothing suspicious was found. Defendant does not even offer any argument as to how such a brief and fruitless "search" may have affected the validity of his consent.