WICKER, Judge.
On May 18, 1986, the defendant, Leroy Williams (Williams) was issued a citation for driving while intoxicated in violation of R.S. 14:98. On June 17, 1986 a bill of information was filed charging Williams with the violation of L.S.A.-R.S. 14:98. The trial judge found Williams guilty as charged and sentenced him to a fine of $500.00, deferred, six months in parish prison, suspended and inactive probation for one year with the following special conditions: perform four eight-hour days of community service, attend a driver improvement program, attend substance abuse treatment for at least six months and refrain from alcohol for one year. We affirm the sentence and conviction.
The testimony at trial set out the following: On May 18, 1986, Trooper Philip Mon-teleone was dispatched to the scene of a traffic accident in St. Charles Parish. Mon-teleone discovered that Williams was the driver of one of the two vehicles involved in the accident. Although Monteleone attempted to question the defendant, he was unsuccessful. Williams mumbled and did not know where he was. No field sobriety tests were administered since Williams sustained injuries necessitating the need for *1118 emergency treatment at East Jefferson Hospital. Monteleone could smell alcohol on the defendant’s breath and inside the defendant’s vehicle.
Gary Becnel (Becnel) testified that he was proceeding in the left-hand lane heading toward Baton Rouge when he saw the defendant heading toward him, at a distance of 400-500 yards, veering from the left lane to the right lane. Thirty seconds later, the defendant crossed the median and collided with a car in Bechnel’s left lane and in front of Becnel’s car.
Becnel arrived at the accident to observe that two women had been hurt in the car that was in front of his vehicle. He saw Williams “pinned” inside his car with the engine still running. Becnel reached inside Williams’ car and turned off the ignition. Both the defendant and the car smelled of alcohol. Williams appeared to be in great pain.
Irlene Guidry (Irlene) was the driver of the other car involved in the accident. Her daughter, Angelle Guidry (Angelle) was in the front passenger seat. Both women testified that they saw a car’s headlights coming toward their car before impact. An-gelle further testified that she saw a car’s headlights move from the opposite far lane to the near lane and then over the median before the car hit the one in which she was riding.
Defendant assigns the following error: That the trial judge erred in finding the defendant guilty of driving while intoxicated when insufficient evidence was presented to support said verdict.
In assessing a claim of insufficiency of evidence, the standard to be used by the appellate court is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Porretto, 468 So.2d 1142 (La.1985).
In addition, where circumstantial evidence is used to prove the commission of the offense, L.S.A.-R.S. 15:438 mandates that “Assuming every fact to be proved that the evidence tends to prove in order to convict, it must exclude every reasonable hypothesis of innocence.” This is not separate from the Jackson standard, but rather a “helpful methodology for determining the existence of reasonable doubt.” State v. Porretto, supra, State v. Captville, 448 So.2d 676 (La.1984). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Porretto, supra. See also State v. Langford, 483 So.2d 979 (La.1986).
L.S.A.-R.S. 14:98A(1) defines the crime of operating a vehicle while intoxicated as “the operation of any motor vehicle ... when: (1) the operator is under the influence of alcoholic beverages ...”
For a defendant to be convicted pursuant to this statute, the State must prove that (1) the defendant was operating a vehicle, and (2) the defendant was under the influence of alcoholic beverages. State v. Fontenot, 408 So.2d 919 (La.1981); State v. Washington, 498 So.2d 136 (La.App. 5 Cir. 1986).
In the present case, Becnel testified that, after he saw the accident occur, he went to the car and saw the defendant pinned behind the wheel. There was no testimony that another person was present. Thus, a rational trier of fact could have found that the defendant was driving the automobile. Compare State v. Sims, 426 So.2d 148 (La. 1983); State v. Phillips, 389 So.2d 1260 (La.1980); State v. Phinney, 460 So.2d 1188 (La.App. 2 Cir.1984); City of Bastrop v. Paxton, 457 So.2d 168 (La.App. 2 Cir. 1984); State v. Rutan, 448 So.2d 267 (La. App. 3 Cir.1984).
To prove that the defendant was intoxicated, the evidence presented was that the defendant was swerving from side to side, that his car jumped the median and collided head-on with another vehicle, and that both the defendant’s breath and car smelled of alcohol. At the scene of the accident, the defendant mumbled and did not know where he was.
In State in re Bland, 471 So.2d 1196 (La.App. 3 Cir.1985), the Third Circuit held *1119 somewhat similar evidence to be sufficient. In addition to driving a car which left the roadway and struck a house, the defendant in Bland also appeared intoxicated by staggering, being disoriented, having blood shot eyes and showing slurred speech. Thus, erratic driving, resulting in an accident, along with observable signs of intoxication has been held to be sufficient to support a conviction of D.W.I. Bland, supra.
Furthermore, erratic driving has been held sufficient to support a finding of probable cause to stop a driver suspected of D.W.I. City of Alexandria v. Webster, 490 So.2d 747 (La.App. 3 Cir.1986). Probable cause exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a person of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Ruffin, 448 So.2d 1274 (La.1984).
Furthermore, a “defendant's repeatedly crossing dividing lines on a highway without apparent reason or justification justified an initial investigatory stop since these actions would reasonably raise suspicion of criminal activity, for example, driving while intoxicated.” State v. Elias, 509 So.2d 86, 88 (La.App. 1 Cir.1987).
In State v. Baker, 471 So.2d 945 (La.App. 2 Cir.1985) the Second Circuit upheld a D.W.I. conviction when the defendant exhibited a strong smell of alcohol in addition to showing red eyes, slurred speech, a refusal for medical treatment and an admission to drinking four or five beers.
Additionally, we recently held in State v. Landry, 463 So.2d 761 (La.App. 5 Cir.1985), writ denied, 464 So.2d 1373 (La.1985) that observations of defendant’s car swerving, his holding onto the car for balance, slurred speech and smell of alcohol on his breath were sufficient evidence to support a conviction of driving while intoxicated.
However, erratic driving with only a moderate alcoholic breath odor coupled with a field sobriety test indicative of impaired motor skills has been held to be insufficient to support a conviction of D.W. I. Webster, supra.
In this case, the evidence to prove intoxication consisted of testimony that the defendant was weaving from side to side before jumping the median and colliding head-on with another car, that the defendant traveled across two lanes before jumping the median, and that the defendant and his car smelled of alcohol immediately after the accident. Additionally, Monteleone testified that the defendant was mumbling and disoriented.
We conclude that the strong odor of alcohol on defendant’s breath along with erratic driving resulting in an accident and the observable signs of intoxication; namely, disorientation and mumbling speech were sufficient evidence for a trier of fact to conclude that Williams committed the offense of driving while intoxicated.
ERROR PATENT
L.S.A.-C.Cr.Proc. Art. 920 provides: “the the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
In the present case, the record reflects that the defendant was arraigned after the issuance of a citation for D.W.I., but prior to the filing of a formal bill of information.
L.S.A.-C.Cr.Proc. Art. 382 provides in part that “criminal prosecutions [other than for those offenses punishable by death or by life imprisonment] in a district *1120 court shall be instituted by indictment or by information.” This prosecution was instituted in the Twenty-Ninth Judicial District Court for the Parish of St. Charles on June 17, 1986, therefore a bill of information was needed to institute prosecution. See State v. Kimble, 411 So.2d 430 (La. 1982). However, the defendant was arraigned on the citation issued, prior to the institution of prosecution by bill. There is no arraignment on the bill of information.
L.S.A.-C.Cr.Proc. Art. 555 provides:
Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
Failure to arraign defendant has been held harmless error where the defendant made no objection prior to trial and where no prejudice has been shown. State v. Dixon, 471 So.2d 282 (La.App. 4 Cir.1985); State v. Freeman, 461 So.2d 496 (La.App. 3 Cir.1984), writ denied, 464 So.2d 314 (La. 1985).
In the present case, the defendant made no objection to the failure to hold an arraignment after the filing of a formal bill of information prior to trial, nor does he allege any prejudice on appeal. This error is harmless.
No other patent errors exists on the face of the record.
Therefore, for the reasons stated Williams’ conviction and sentence are affirmed.
AFFIRMED.