527 So.2d 486 (1988)
STATE of Louisiana
v.
Leonard McGEE.
No. 88-KA-74.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
John M. Mamoulides, Dist. Atty. Jim Weidner, Gaynell Williams, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant/appellant.
Before KLIEBERT, BOWES and WICKER, JJ.
WICKER, Judge.
Leonard McGee, defendant, was charged by bill of information with two counts of violating La. R.S. 14:42.1, forcible rape. On January 12, 1987 McGee withdrew his *487 former plea of not guilty and tendered a plea of guilty to La. R.S. 14:27, 14:42.1, attempted forcible rape, to count one. Count two was dismissed as part of the plea agreement.
Later the court granted McGee's motion to withdraw the plea. McGee waived his right to trial by jury. His motion to sever the two counts was granted and trial proceeded for count one alone. The trial judge found McGee guilty of forcible rape as it applied to count one. He was sentenced to 15 years at hard labor with credit for time served. The first five years were ordered to be served without benefit of parole, probation, or suspension of sentence. We affirm.
McGee now appeals and assigns one error: Any and all errors patent on the face of the record.
The testimony at trial set out the following: On August 11, 1985 a rape occurred at a Jefferson Parish apartment complex. While the victim climbed a stairwell, she was startled by a man who was also climbing the stairs. As she reached the hallway entrance the person on the stairs grabbed her from behind and pushed her to the ground.
She screamed. The assailant held a cloth against her mouth and caused an injury to her lip as he threatened to break her neck should she persist screaming. The victim ceased struggling after the threat and the assailant proceeded to have intercourse with her.
When the victim was allowed to leave, she immediately went to her apartment and informed her boyfriend of the incident. Together they drove around the complex searching for the assailant. When they were unsuccessful they drove to a nearby store and located a policeman who accompanied them back to the scene of the crime.
On August 20, 1985 the victim met with Detective Dodt at which time she made a composite of the assailant's description. She identified the defendant from a photographic lineup on August 21, 1985. She was certain of the identification and even identified the defendant's shirt in the photograph as the shirt he wore during the incident.
The defendant admitted being at the apartment on other occasions to visit tenants. He denied being present on the date of the crime and denied attacking the victim. Although he denied giving a statement to the police wherein he stated that he had nothing to do with the incident in a stairway, there was testimony from the officers that the defendant was not informed of the details of the incident so as to know that the crime occurred in a stairwell.
ERROR PATENT:
La. C.Cr.P. art. 920 provides: "[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Williams, 515 So.2d 1117 (La.App. 5th Cir. 1987).
Our review indicates that the record does not contain a signed judgment. We have previously held that the failure of the court to render a written judgment is a fatal defect in the proceedings. State v. Jennings, 478 So.2d 913 (La.App. 5th Cir.1985), writ denied 481 So.2d 636 (La.1986). However, in the case at bar there is a signed commitment which clearly sets forth the judgment of the court. The signed commitment is sufficient since it is a "document which could be deemed as equivalent to a judgment." State v. Jones, 517 So.2d 402, 405 n. 3 (La.App. 5th Cir.1987).
*488 Since no errors patent appear on the face of the record, defendant's assignment lacks merit.
Accordingly, for the reasons stated, the defendant's conviction and sentence are affirmed.
AFFIRMED.