560 So.2d 899 (1990)
STATE of Louisiana
v.
Joseph WILLIAMS, Jr.
No. 89 KW 0279.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Rehearing Denied June 4, 1990.
*900 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge by James Murray, Asst. Dist. Atty., for plaintiff/appellee.
Charles E. Daspit, Harry Shoemaker, III, Baton Rouge, for defendant/appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This matter is before us on remand from the Louisiana Supreme Court. State v. Williams, 548 So.2d 1216 (La. 1989). The only matter presented for our review is the trial court's ruling granting defendant's motion to suppress physical evidence and statements. The Louisiana Supreme Court remanded this matter to us for briefing, argument, and an opinion.
Defendant was charged with driving while intoxicated, first offense, a violation of LSA-R.S. 14:98. He filed several motions to suppress evidence. Only the motion regarding probable cause for a stop was considered; the remainder were deferred until trial on the merits. After a hearing, the trial court granted the motion to suppress; and the state sought review of that ruling. This court granted the state's application for writs and remanded the matter. State v. Williams, KW 89 0279. Respondent-defendant then sought review by the Louisiana Supreme Court, and that court granted his application for supervisory relief and vacated this court's ruling. Pursuant to that order, this court has reviewed the record and briefs from relator and respondent.
The following testimony was elicited at the pretrial hearing on the motion to suppress. The testimony of the arresting officer, Robert White, reveals that defendant was stopped on Plank Road at 1:15 a.m., July 3, 1988. Trooper White made the stop after defendant's vehicle crossed the double yellow center line and forced him off of the road, onto the shoulder. He stated the initial stop was based upon crossing a double yellow center line and improper lane usage. During cross-examination, Trooper White stated a man was changing a tire one-quarter of a mile north of where he stopped defendant. He admitted that, due to a reduction in traffic after midnight, any violation appears more prominent. Trooper White testified he is particularly "keen" to stopping persons driving while intoxicated when he is compelled to evade their vehicles.
Defendant testified he was turning onto the street on which he lives when he was stopped by Trooper White. He admitted crossing the yellow line, but claimed he did so to avoid a vehicle parked on the roadside. Defendant testified he did not see the officer drive onto the road shoulder. He stated he did not believe he posed any danger to the officer. Defendant was traveling at a speed of 45 m.p.h. During crossexamination, he admitted that he had consumed alcoholic beverages and that he was familiar with the fact that the amount of alcoholic beverages consumed will to some extent impair a person. After an objection by the defense, the trial court prevented the prosecution from questioning defendant regarding his ability to perceive distance, etc. at the time he was stopped.
The trial court ruled in defendant's favor and stated he tended to believe that defendant swerved in order to avoid hurting the person on the side of the road or himself. The trial court stated:
I think they are both testifying to the best of their knowledge of what they recall that night. But it's more important to the defendant why he swerved. Now I could say he's bias because it's more important. But I tend to believe him that he saw a car on the side of the road and that's why he swerved. If that in fact was the case, then he was taking evasive action to keep from hurting someone or himself. In that case, if the officer had seen that, he would not have had probable cause to stop him. The officer kind of corroborated the defendant's testimony that there was a car on *901 the side of the road changing a tire. They're just in disagreement as to where exactly the car was parked.
Defendant claims the conflicting testimony between himself and the trooper goes to the issue of witness credibility which is a determination to be made by the finder of fact. Additionally, he urges that the factual findings of the trial court should not be disturbed.
DISCUSSION
The Fourth Amendment to the Federal Constitution and Art. 1, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Andrishok, 434 So.2d 389 (La. 1983). It has been held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by examining whether or not the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Williams, 416 So.2d 91 (La.1982); State v. Myers, 490 So.2d 700 (La.App. 2nd Cir. 1986), writ denied, 493 So.2d 1221 (La. 1986); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986). But see, however, State v. Vaughn, 448 So.2d 915 (La.App. 3rd Cir. 1984). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Elias, 509 So.2d 86 (La.App. 1st Cir.1987), writ denied, 512 So.2d 464 (La.1987).
The record reflects defendant's traffic deviation was pronounced. Evidently, the trooper considered his life and property endangered such that he took evasive action. It appears the trooper had reasonable cause to believe the crimes of improper lane usage and/or failure to maintain control had been committed. See LSA-R.S. 32:79 and LSA-R.S. 32:58.
Even if defendant had a justifiable reason for the pronounced deviation, such was not apparent to the trooper. The trooper's observations would reasonably raise suspicion of criminal activity, for example, driving while intoxicated. Furthermore, detention of a limited nature was justified to determine the reason for defendant's pronounced traffic deviation. Such a stop was a reasonable precaution under the circumstances.
The trial court accepted defendant's testimony relative to the reason for his evasive action, and we accord appropriate deference to that finding. However, as a matter of law, the trial court erred in requiring that the officer be cognizant of defendant's mental processes in arriving at the decision to execute the evasive action. Even if the trial court found defendant's traffic deviation justifiable, it may not impose a duty upon the trooper requiring him to be a mind-reader. The record reflects that the facts within the trooper's knowledge justified conducting an investigatory stop. Accordingly, the ruling of the trial court granting defendant's motion to suppress is hereby reversed, and the case is remanded to the trial court for further proceedings in conformity with the views expressed herein.
REVERSED AND REMANDED.
SAVOIE, J., dissents and will assign reasons.
SAVOIE, Judge, dissenting.
I respectfully dissent.
Rulings of the trial court in pre-trial matters are shown great deference absent a clear showing of abuse of discretion. State v. Campbell, 404 So.2d 956 (La.1981).
Herein the trial court made a simple credibility call at the suppression hearing. It found the testimony of the defendant to *902 be more credible than that of the police officer.
The defendant testified he crossed the center line because a man was stopped on the shoulder of the road. He also testified his maneuver was completed before any oncoming vehicle was near.
The officer testified the defendant's maneuver caused him to swerve onto the shoulder of the road so as to avoid the defendant's automobile. He also testified a man was changing a tire one-quarter of a mile north of where he stopped the defendant.
The trial court stated it believed the testimony of the defendant as to what occurred prior to the investigatory stop. In addition, the trial court found the officer's statement that a car was changing a tire on the side of the road corroborated the defendant's testimony.
The trial court chose to believe the defendant and discount the accuracy of the officer's recall of events. There is nothing in the record which reflects an abuse of discretion by the trial court.
For these reasons I respectfully dissent.