569 So.2d 169 (1990)
STATE of Louisiana
v.
Harry L. SHOEMAKER, III.
No. 90/KW/0434.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
Writ Denied January 4, 1991.
*170 Bryan Bush, Dist. Atty. by Monisa Thompson, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
James Boren, Baton Rouge, for defendant/appellant.
Before SAVOIE, CRAIN and FOIL, JJ.
SAVOIE, Judge.
This matter is before us on remand from the Louisiana Supreme Court. State v. Shoemaker, 563 So.2d 889 (La.1990). The only issues presented for our review are:
1. alleged error in the trial court's denial of the motion to suppress, and in ruling the stop of defendant's car constitutionally permissible; and
2. alleged error in barring Dr. Olinde Dart's testimony on the issue of the alleged illegality of the arresting officer's actions which immediately preceded the stop.
The Louisiana Supreme Court remanded this matter to us for briefing, argument and an opinion.
Defendant, Harry L. Shoemaker, III, was charged with driving while intoxicated, first offense, a violation of LSA-R.S. 14:98 and with improper lane usage, a violation of LSA-R.S. 32:79. He filed a motion to suppress. After a hearing, the trial court denied the motion to suppress; defendant sought review of that ruling. In an unpublished action, this court denied defendant's application for writs and remanded the matter. State v. Shoemaker, III, KW 90 0434, April 16, 1990. Defendant then sought review by the Louisiana Supreme Court, and that Court granted his application for supervisory relief and vacated this court's ruling. Pursuant to that order, this court has heard oral argument and reviewed the record and briefs from relator and respondent.
The following testimony was elicited at the pretrial hearing on the motion to suppress. The testimony of the arresting officer, Louisiana State Trooper Glenn Verrett, reveals that, on Easter Sunday (March 26, 1989) at approximately 11:00 p.m., he came to a stop behind a vehicle driven by defendant. Defendant was evidently awaiting a traffic signal change at the intersection of Airline Highway and Highland Road in Baton *171 Rouge. His vehicle was in the right lane of a four-lane divided highway and was northbound. When the traffic signal turned green, defendant proceeded north on Airline Highway and soon attained the legal speed limit of between 50 and 55 miles per hour. Trooper Verrett testified that he followed defendant's vehicle for an approximate distance of three-quarters of a mile before concluding that he should stop the vehicle. During an estimated one-half mile distance, the trooper saw defendant's vehicle drift across the center line and straddle the center line for as much as one-tenth of a mile, then drift back into the right lane and continue to drift all the way onto the right road shoulder and proceed for an approximate one-tenth mile distance before again drifting to the left, across the center line, and then back again onto the right road shoulder.
Trooper Verrett testified that the lines marking the lanes were clearly visible; he did not observe any obstructions, potholes, road defects, or any other apparent reason for defendant's erratic driving and improper lane usage. He stated that after he had made the decision to stop defendant, he radioed in the vehicle license tag number and informed his troop of his intent to stop the vehicle. Trooper Verrett testified that he intended to issue a citation for improper lane usage and that, based upon his experience that improper lane usage is indicative of probable driving while intoxicated, he suspected defendant was more than likely driving while intoxicated.
Defendant testified and admitted the consumption of two beers and two Crown Royal and water drinks on the evening he was stopped. He stated he had been to a bar called "Fred's" for several hours listening to a band until 10:00 p.m. and then to another bar to eat a hot dog. Defendant testified that he is 5'9" tall and weighs 195 pounds. He claims to have been unaware that a police officer was following him and, instead, stated he believed he was being pursued by some "nut." Defendant stated he was being "tailgated" and that the bright lights from the car following him blinded him by way of the rearview mirror. During cross-examination, defendant admitted he did not recall whether his rearview mirror was on day or night vision. Additionally, defendant stated that while the trooper's driving concerned him, it only may have caused him to move slightly from his lane, and he denied that his car substantially moved from his lane.

ASSIGNMENT OF ERROR NUMBER ONE:
By means of this assignment of error, defendant complains that the stop of his vehicle was unconstitutional for several reasons. He claims the trooper intentionally precipitated the confrontation and that the trooper did not have probable cause nor reasonable suspicion to make the stop.
The Fourth Amendment to the Federal Constitution and art. I, sec. 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both federal and state jurisprudence. Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Andrishok, 434 So.2d 389, 391 (La.1983). It has been held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by examining whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Williams, 416 So.2d 91, 93 (La.1982); State v. Myers, 490 So.2d 700, 702 (La.App. 2nd Cir.), writ denied, 493 So.2d 1221 (La.1986); State v. Williams, 489 So.2d 286, 289 (La. App. 4th Cir.1986). But see, however, State v. Vaughn, 448 So.2d 915, 916 (La. App. 3rd Cir.1984). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Elias, 509 So.2d 86, *172 88 (La.App. 1st Cir.), writ denied, 512 So.2d 464 (La.1987).
The record reflects that defendant's traffic deviations were pronounced. The trooper testified that he intended to issue a citation for improper lane usage. It appears the trooper had probable cause to believe the crimes of improper lane usage and/or failure to maintain control had been committed. See LSA-R.S. 32:79 and 32:58. The trooper's experience and defendant's erratic driving gave rise to reasonable cause for an investigatory stop to quickly confirm or dispel the trooper's suspicions of a motorist driving while intoxicated. See LSA-C.Cr.P. art. 215.1.
The trial court obviously found, as a fact, that the trooper did not intentionally precipitate the encounter. Defendant's allegation that all of the trooper's testimony should be discounted due to the fact that he previously testified somewhat differently at the Public Safety Commission administrative hearing are without merit. The transcript of the administrative hearing was not introduced into evidence. Moreover, credibility determinations are within the discretion of the trial judge and will not be disturbed unless manifestly erroneous. State v. Toussaint, 429 So.2d 206, 208 (La. App. 1st Cir.1983). Obviously, despite defense counsel's attempts at impeachment of the trooper, the trial court chose to believe the trooper's testimony over that of the defendant. The record does not indicate a manifest abuse of the trial court's discretion.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant contends the trial court erred in barring a time, speed, and distance expert from testifying regarding the estimated stopping distance for the trooper's vehicle. Defendant sought to elicit testimony regarding the estimated stopping distance for the trooper's vehicle in an attempt to demonstrate that the trooper himself was guilty of a traffic violation and that the traffic violation was responsible for causing defendant to drive erratically. The trial judge ruled that the evidence was inadmissible because Trooper Verrett did not precipitate defendant's actions. A proffer was made in order to preserve the record for review without the necessity of a remand.
Based on the trial judge's finding that the trooper's actions did not cause defendant to drive erratically, the trial judge apparently believed the expert testimony was not relevant at the motion to suppress hearing. We find that the trial judge erred in refusing to admit the expert testimony relative to whether the trooper may have precipitated defendant's actions.[1] We have reviewed the expert testimony which sets forth stopping distances at speeds of 35 m.p.h. and 50 m.p.h. and the 2 second rule as to distance between vehicles. This evidence, when examined with defendant's testimony and the state trooper's testimony, does not support a finding that the state trooper caused defendant's erratic driving. The expert testimony also does not alter the trial judge's finding that the state trooper's testimony was more credible than that of defendant's. Additionally, we note that it appears from the transcript that the trial judge was present during the proffered testimony; for the above reasons, a remand to the trial court for consideration of the excluded evidence would serve no purpose.
This assignment of error is without merit.
Accordingly, the rulings of the trial court are affirmed and the case is remanded to the trial court for further proceedings.
AFFIRMED AND REMANDED.
NOTES
[1] We note that this case is distinguishable from State v. Williams, 560 So.2d 899 (La.App. 1st Cir.1990), wherein we held that the trial court erred in considering the defendant's justification for his traffic violation and in requiring that the police officer be cognizant of the defendant's justification. In the case sub judice, defendant contends that the trooper caused his violation so that evidence regarding defendant's reasons for his erratic driving is relevant.