448 So.2d 915 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Frank D. VAUGHN, Jr., Defendant-Appellant.
No. K84-70.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1984.
*916 Frank A. Flynn, Allen, Gooch, Bourgeois, Breaux & Robison, P.C., Lafayette, for defendant-appellant.
David F. Hutchins, Sp. Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
PER CURIAM.
Defendant, Frank Vaughn, was convicted of driving while intoxicatedsecond offense, a violation of LSA-R.S. 14:98. He applied to this Court to review his one assignment of error, to-wit: the trial court erred in denying his motion to suppress the evidence against him.
The basis of his assignment is the argument that the police officer lacked the requisite reasonable suspicion that the defendant was committing, had committed, or was about to commit a crime which was needed to effectuate the necessary reasonable cause to stop the defendant. State v. Williams, 416 So.2d 91 (La.1982); LSA-C.Cr.P. Article 215.1.
The police officer's testimony, at the hearing on the motion to suppress, reflected that he based his stop of the defendant on the following observations:
"The driver of the vehicle proceeded into the oncoming lane, approxwith his two (2) left tires on the inside of the oncoming lane about six (6) inches. In other words, he crossed over thethe center line about six (6) inches for approximately ten (10) feet. This was observed after seeing the suspect sway in his own southbound lane several times within that lane."
The arresting officer also testified that he followed the defendant's vehicle for a distance of about one and one-half city blocks from the time that he first saw him, to the time of arrest. The officer was vague in parts of his testimony. For example, he could not remember whether there was another police officer in his car with him at the time of the arrest. He does not remember whether the defendant indicated his intention to turn right on Taft Street, on which street he was arrested. There is no testimony by the arresting officer that defendant's driving presented actual danger to anyone, such as to oncoming cars in the opposite lane, or that when defendant swayed in his own lane, just in what fashion this was done, e.g., whether from side to side or a matter of inches, etc.
It is the opinion of this Court that the defendant's actions crossing six inches over the center line and traveling thus for approximately ten feet, even when coupled with the observation of a vehicle swaying within its own lane, does not per se present sufficient facts to establish the requisite reasonable cause which is necessary before a police officer may legally stop a motorist; particularly so, when the police officer followed the defendant for only one and one-half blocks, and further, when defendant's driving presented no evidence of danger to himself or to others. The consequences of a D.W.I. conviction, under present law, are so grave that reasonable cause to stop a motorist should consist of more than minor deviations, such as in this case, observed for a distance of one and one-half city blocks.
Inasmuch as the evidence fails to establish reasonable cause to stop the defendant, the trial judge erred in denying the motion to suppress the evidence. Hence, the writ applied for is granted and accordingly, IT IS HEREBY ORDERED that the motion to suppress be granted and that the evidence against the defendant be suppressed. The matter is remanded for further proceedings not inconsistent with this ruling.