490 So.2d 747 (1986)
CITY OF ALEXANDRIA, Plaintiff-Appellee,
v.
Leon WEBSTER, Defendant-Appellant.
No. K85-542.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*748 Eugene P. Cicardo, Jr., Alexandria, for defendant-appellant.
Marc Lampert, City Pros., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, KNOLL and BROYLES[*], JJ.
KNOLL, Judge.
Defendant, Leon Webster, was convicted of driving while intoxicated, a violation of LSA-R.S. 14:98. Defendant applied to this Court to review his conviction contending that the trial court erred in denying: (1) his motion to suppress the evidence against him, and (2) his motion for acquittal. The City of Alexandria has not responded to defendant's writ application.
On February 16, 1985, at approximately 1:35 a.m. Officer Michael Rennier of the Alexandria Police Department observed defendant's automobile slowly drift in a smooth motion from the shoulder of Main Street over to the middle turn lane and back into his proper lane of travel. Officer Rennier testified that defendant intruded into the middle turn lane by about one foot, that this drifting occurred three times in a distance of approximately one mile, and was not accompanied by swerving or erratic movement. The officer observed no other traffic violations. After the third encroachment into the middle turn lane, Officer Rennier stopped defendant and asked him to exit the automobile. Defendant stumbled slightly exiting the vehicle, and fumbled through his wallet looking for his drivers license.
In a field sobriety test Officer Rennier required defendant to walk heel to toe nine steps, turn around and duplicate this action. Officer Rennier said defendant walked too soon, missed his heel to toe, and used his arms outstretched for balance. Defendant then did a one leg stand while counting one-one thousand, two-one thousand, etc., to thirty-one thousand; he swayed and dropped his foot on the 8th, 21st, and 23rd count. Officer Rennier next required defendant to recite the alphabet beginning with the letter h; he skipped s, t, u, v and w. A written alphabet test was likewise administered at the police station; for reasons not explained, Officer Rennier concluded defendant's performance of the written alphabet test was unsatisfactory. The written alphabet test was not introduced into evidence.
Defendant was given an intoxilyzer test at the police station, but the results were not introduced at trial.
The jailer, Newman Bobb, was riding with Officer Rennier, but he did not testify. Officer Rennier was the State's only witness.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that Officer Rennier did not have probable cause to stop him, therefore, the evidence against him should have been suppressed. We disagree.
Officer Rennier saw defendant's automobile weaving and followed him for almost one mile. During the period of observation, defendant's vehicle went onto the shoulder and into the center turn lane three times. Under these circumstances we cannot say the officer lacked probable cause to stop defendant. Defendant relies on State v. Vaughn, 448 So.2d 915 (La. App. 3 Cir.1984), in support of his position. However, we find State v. Vaughn, supra, distinguishable from the present case. In Vaughn, the defendant crossed the center line 6 inches for about 10 feet. In the present case, defendant weaved his vehicle 3 times into the center turn lane for almost a mile. Under these circumstances, we *749 find defendant's driving conduct supported probable cause to stop him.

ASSIGNMENT OF ERROR NO. 2
Defendant next contends that the City failed to prove beyond a reasonable doubt that he was driving while intoxicated. Defendant argues that under the rationale of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the City's evidence was insufficient to support a conviction. We agree.
The Jackson standard of review is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Byrd, 385 So.2d 248 (La.1980).
To convict an accused of driving while intoxicated, the prosecution must prove that: (1) defendant was operating a vehicle or other conveyance; and (2) defendant was under the influence of alcoholic beverages or some type of drug. State v. Fontenot, 408 So.2d 919 (La.1981). Only the second element is at issue on this appeal.
The only evidence of defendant's intoxication was the testimony of Officer Rennier. No scientific evidence of intoxication was offered even though reference was made to Sgt. Carlino's administering an intoxilyzer test after defendant was brought to the police station.
When the legislature enacted LSA-R.S. 32:661 et seq., it did not intend to limit proof of intoxication to the various scientific methods contained in the statute. LSA-R.S. 32:662(C): State v. Allen, 440 So.2d 1330 (La.1983). On the contrary the Supreme Court has repeatedly indicated that intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. State v. Allen, supra; State v. Spence, 418 So.2d 583 (La.1982); State v. Badon, 401 So.2d 1178 (La.1981); State v. Neal, 321 So.2d 497 (La.1975).
Although failure to pass a field sobriety test has been held sufficient to support a conviction of driving while intoxicated, State v. Allen, supra; State v. Badon, supra, it is axiomatic that the objective criteria of the tests must nonetheless produce results which tend to establish physical traits exhibited by a person under the influence of intoxicants. However, what behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case by case basis.
Officer Rennier required defendant to stand on one leg while counting one-one thousand, two-one thousand, etc. to thirty-one thousand, and to recite the alphabet commencing with the letter "h". After conducting the field sobriety test, Officer Rennier concluded that: (1) defendant's speech was fair; (2) his alcoholic breath odor was moderate; (3) he swayed when he walked, and walked too soon; and (4) he was talkative. The written alphabet test, though reportedly produced unsatisfactory results, was not made part of the record before us. Officer Rennier further described defendant as neat and cooperative, and admitted under cross examination that the field sobriety test is at most indicative of impaired motor skills.
In the present case, viewing the evidence most favorably to the prosecution, we are only able to state that the record is inconclusive as to defendant's intoxication. The evidence was too weak to prove guilt beyond a reasonable doubt that defendant was driving while intoxicated.
Since the evidence fails to establish guilt beyond a reasonable doubt, the trial court erred in denying defendant's motion for acquittal. Accordingly, the writ applied for is granted and it is hereby ordered that defendant's conviction is reversed and his sentence is vacated with orders to discharge defendant.
REVERSED.
DOMENGEAUX, J., concurs in part and dissents in part.
*750 DOMENGEAUX, J., concurring in part and dissenting in part.
I concur with the majority opinion insofar as it holds that there was probable cause to stop the defendant.
Even utilizing the Jackson v. Virginia rationale (which I have stated many times in the jurisprudence should not apply to Louisiana criminal law), I would conclude that the field sobriety test was sufficient to support this conviction, particularly in view of the fact that it was obviously the defendant's intoxication which caused him to weave on the highway for almost one mile.
I respectfully suggest that reversing the trial court's factual findings is tantamount to second guessing, which we should not do.
I would affirm the conviction.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.