YELVERTON, Judge.
Aubrey V. Michiels, charged with DWI, moved to suppress the evidence against him on the ground that the arresting officer did not have reasonable cause to stop him and his vehicle. The trial court granted the motion and the State applied for writs. Because it appeared from the trial court’s oral reasons that the suppression was the result of a misplaced reliance on a 1983 decision of this court, rather than an adjudication on the merits, we granted writs and ordered the case brought before us for a full hearing and an opinion.

Facts

The arresting state police officer testified he was on night patrol in Rapides Parish on November 10, 1985, when he first observed the defendant operating a pickup truck in an unusual manner. At this time the pickup was eastbound on Louisiana 28 near the Coca-Cola plant and it was continuously weaving within the right lane from the white shoulder line to the dotted center line. He followed the truck past Sky Street and from there to the Back Porch Saloon. It continuously weaved in the right lane but stayed in the lane. When it got to the bridge by Menard High School it ran onto the shoulder. Beyond that point the highway curved at a bridge and the defendant failed to negotiate the curve completely within his lane. The truck went onto the hard surfaced shoulder two to three feet and traveled there at least 100 feet before returning to the right lane. From Menard High School to U.S. Highway 71 the truck continued to weave. It went across the center line three times, and on the shoulder at least once. When it crossed the center line the truck was about six inches or a foot over the line and it traveled that way for 35 or 40 feet. Defendant made a right turn onto Monroe Street without giving a signal. The officer stopped defendant near the comer of Monroe Street and Texas Avenue. The total distance the officer followed defendant while observing this conduct was about two miles. The time was one o’clock in the morning.
There were two passengers in defendant’s truck. One of them testified, and that testimony comprised all of the defendant’s evidence at the hearing on the motion to suppress. That witness testified that both she and the defendant were aware of the officer’s presence from the moment he got behind them and that the defendant drove carefully.

Ruling of the Trial Court

The trial judge said he believed the testimony of the state trooper, and that he *411 himself believed the officer had reasonable cause to stop the defendant, but he felt bound by the decision in State v. Vaughn, 448 So.2d 915 (La.App. 3rd Cir.1984), with which he did not agree with but had to obey. For this reason he granted the motion to suppress.

State v. Vaughn

This one-page per curiam opinion held simply that under the facts of that case, observation by a police officer of a vehicle for one and one-half city blocks, and his observation of the defendant’s one-time crossing six inches over the center line and traveling thus for approximately 10 feet, even when coupled with the observation of the vehicle swaying within its lane, did not per se present sufficient facts to establish the requisite reasonable cause to stop the motorist.
OPINION
The factual distinctions between the present case and those of Vaughn stand out too clearly to need further comment. It was error for the trial court to construe and apply the Vaughn holding as the announcement of an absolute standard negating reasonable cause in every case involving swaying cars crossing center lines. Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case. State v. Williams, 416 So.2d 91 (La.1982); State v. Downer, 460 So.2d 1184 (La.App. 2nd Cir.1984); State v. Eppinette, 478 So.2d 679 (La.App. 2nd Cir. 1985); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986); La.-C.Cr.P. art. 215.1. The Downer and Eppinette decisions of the Second Circuit just cited distinguished Vaughn. In the recent case of City of Alexandria v. Webster, 490 So.2d 747 (La.App. 3rd Cir.1986), this circuit on facts similar to the present case found Vaughn readily distinguishable, and upheld the denial of a motion to suppress.
The trial judge stated that but for the Vaughn case he would have denied the motion to suppress. We agree that on these facts reasonable cause to stop the vehicle was demonstrated. We reverse the trial court, order that the motion to suppress be denied, and remand the case for further proceedings.
REVERSED AND REMANDED.