WATKINS, Judge.
Gary P. Pitre, Jr. was charged by bill of information with third offense DWI, a violation of LSA-R.S. 14:98. After trial by jury, defendant was found guilty as charged. Subsequently, defendant filed a motion for a new trial and a motion for post-verdict judgment of acquittal. Both motions were denied. Thereafter, defendant was sentenced to two years imprisonment at hard labor.
Defendant has appealed his conviction and sentence, advancing four assignments of error:
1. The trial court erred by admitting, over defense objection, state exhibit two.
2. The trial court erred by denying defendant’s motion for new trial and motion for post-verdict judgment of acquittal.
3. The verdict of the jury is contrary to the law and evidence.
4. The sentence imposed is excessive and constitutes cruel and unusual punishment.
FACTS
At approximately 3:40 a.m. on April 17, 1987, Officer Milton Wolfe, Jr., of the Hou-ma Police Department observed a 1984 Chevrolet Monte Carlo which appeared to run a red traffic light. Officer Wolfe followed the vehicle and noticed that it swerved back and forth within its lane, crossing the center line two or three times. Officer Wolfe stopped the vehicle and asked the driver to exit and approach him. As defendant approached Officer Wolfe, *426 the officer noticed that defendant’s eyes were red and glazed, he staggered as he walked, and his breath smelled of alcohol. After a short time of observation, Officer Wolfe arrested defendant for DWI, improper lane usage, and driving under suspension.
Defendant was transported to the police station and advised of his rights relating to chemical testing for intoxication. Defendant refused to submit to the test.
ASSIGNMENT OF ERROR NUMBER ONE
Through this assignment of error, defendant contends the trial court committed reversible error by admitting state exhibit two into evidence, over defense objection. Defendant argues that the state failed to lay the proper foundation for the introduction of the exhibit into evidence. Defendant claims that the state should have proved that defendant was the same individual who pled guilty to the charge referred to in state exhibit two, prior to introduction of the exhibit into evidence.
The state submits that the exhibit was a certified copy of the Houma City Court records and that a proper foundation was laid by Officer Gallicio for the introduction of the exhibit. The state argues, in the alternative, that any error was harmless error, due to the fact that defendant testified that he was the same person that pled guilty to the offense charged in state exhibit two. Therefore, defendant has not demonstrated any prejudicial effect.
The bill of information herein charges defendant with third offense DWI committed on April 17, 1987. This information also alleges two prior convictions of DWI on November 14, 1984 (for an offense occurring on December 7, 1985). Two essential elements of the crime of driving while intoxicated, third offense, are two prior convictions. LSA-C.Cr.P. art. 483; See State v. Krause, 405 So.2d 832 (La.1981). The state has the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant’s guilt. LSA-R.S. 15:271.
In City of Monroe v. French, 345 So.2d 23, 24 (La.1977), the Louisiana Supreme Court stated: “In Louisiana, proof that a person of the same name has been previously convicted does not constitute prima facie evidence that the two persons are the same. The state must additionally offer proof that the accused is the same person as the defendant previously convicted.” (Citations omitted).
Various methods may be used to prove that the defendant on trial is the same person whose name is shown as the defendant in the evidence of a prior conviction, such as by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver’s license number, sex, race and date of birth. See State v. Westbrook, 392 So.2d 1043 (La.1980); State v. Curtis, 338 So.2d 662 (La.1976). The mere fact that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. Curtis, supra, at 664.
In this case, the state presented the testimony of Officer Gallicio to prove that defendant herein was the same defendant who previously pled guilty to driving while intoxicated in Houma City Court on November 14, 1984, as shown by state exhibit two. Officer Gallicio testified that defendant herein was the same person he had arrested for DWI on November 2, 1984, that defendant’s driver’s license number was 1043424, and that no more than one person can have the same driver’s license number in Louisiana. The state then offered and introduced into evidence state exhibit two, which consisted of a true copy of the Houma City Court record docket no. 3524644915C, which contained: the citation issued to defendant herein by Officer Galli-cio; the acknowledgement and waiver of rights form signed by Gary Pitre, Jr., dated November 14, 1984; and the sentence and DWI conviction signed by the trial court judge and dated November 14, 1984. The citation issued to Gary Pitre, Jr., included *427 in state exhibit two, reveals the driver’s license number 1043424.
It is clear that the state offered proof of identical driver’s license numbers prior to introducing state exhibit two. The trial court properly overruled defendant’s objection challenging the admissibility of the exhibit. Moreover, defendant subsequently testified at trial and admitted, under oath, that he was the same individual who had pleaded guilty to a charge of DWI on November 14, 1984, in Houma City Court.
This assignment of error is without merit.
ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
By assignment of error number two, defendant contends the trial court erred by denying his motion for new trial[1] and for post-verdict judgment of acquittal. In assignment of error number three, defendant claims the verdict of the jury was contrary to the law and evidence. Both assignments of error question the sufficiency of the evidence to convict defendant of third-offense DWI. Specifically, defendant argues that there is insufficient evidence of intoxication to convict him on the charged offense.
The standard of review for the sufficiency of the evidence to support a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La.1984).
Defendant claims the prosecution failed to prove that he was intoxicated. He cites City of Alexandria v. Webster, 490 So.2d 747 (La.App.3d Cir.1986), to support his contention. Defendant argues that the evidence of intoxication herein is weaker than that presented in Webster. We disagree.
Officer Wolfe was on routine patrol on the evening defendant was arrested for driving while intoxicated. He observed defendant's vehicle running a red traffic signal and decided to follow it. Officer Wolfe followed the vehicle for approximately two and one-half miles prior to stopping it. The vehicle weaved back and forth within its lane many times. Additionally, the vehicle crossed the center line several times.
After stopping defendant’s vehicle, Officer Wolfe asked defendant to step out of the car and approach him. Defendant allegedly staggered out of his vehicle and swayed as he walked toward Officer Wolfe. Officer Wolfe testified that defendant’s eyes were glazed and watery, his balance was abnormal, and his breath smelled of alcohol. Additionally, defendant’s speech was impaired. Due to the fact that defendant appeared uncoordinated because of his intoxicated condition, Officer Wolfe decided to forego administration of a field sobriety test. He testified that he feared defendant would lose his balance, fall, and injure himself when striking the concrete surface on which they stood.
Officer Wolfe testified that he had made over one hundred previous DWI arrests within a four-year period and that he was familiar with the physical signs indicating intoxication. He stated that defendant’s condition was consistent with that characteristic of other persons he had arrested for DWI.
Defendant’s version of the facts varies considerably from the factual rendition by Officer Wolfe. He testified that he had ingested two twelve ounce bottles of beer at approximately 8:00 p.m. on April 16, 1987, and that he subsequently went home, bathed and slept until 1:30 a.m. Defendant stated that he then went to Fantasies nightclub to pick up his girlfriend. The couple drove to Thibodaux and back, only stopping at a Time-Saver for potato chips and soft drinks. The couple continued riding through town when defendant became aware that he was being followed by a police unit. Defendant stated that he became “paranoid knowing that a cop was following” him and that he pulled over to the side of the road. Defendant claims v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). *428 that Officer Wolfe told him he was being arrested and jailed for swerving. Defendant testified that he refused the breath test because he “didn’t know if they was gonna have the alcohol on my breath from that beer that I had drank the day before.”
In order to convict an accused of driving while intoxicated, the state need only prove that defendant was operating a vehicle and that defendant was under the influence of alcohol or drugs. State v. Fontenot, 408 So.2d 919 (La.1981). There is no dispute that defendant was operating a vehicle.
Intoxication with its attendant behavioral manifestations is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La. 1983); State v. Neal, 321 So.2d 497 (La. 1975). What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case by case basis. Webster, supra, at 749. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated.
Herein, the evidence of defendant's intoxication consisted of observations of defendant by Officer Wolfe. When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant’s own testimony, that hypothesis falls; and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Jacobs, 504 So.2d 817 (La. 1987). The jury’s verdict indicates that, after considering the credibility of the witnesses and weighing the evidence, it accepted the testimony of Officer Wolfe. Our review of the record indicates the evidence was sufficient to allow any rational trier of fact to conclude beyond a reasonable doubt that defendant was driving while intoxicated.
These assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER FOUR
Defendant contends the trial court erred in imposing an excessive sentence and that the sentence imposed amounted to cruel and unusual punishment.
Defendant was found guilty of third-offense DWI, a violation of LSA-R.S. 14:98, which carries a penalty of imprisonment, with or without hard labor for not less than one year nor more than five years, and a possible fine of up to $1000.00. In addition, at least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence. See LSA-R.S. 14:98 D.
The trial court sentenced defendant to serve a two-year term of imprisonment at hard labor. Defendant received a sentence which was less than one-half of the maximum penalty for third-offense DWI.
Article 894.1 of the Louisiana Code of Criminal Procedure sets forth factors which must be considered by a trial court before passing sentence. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Louis, 496 So.2d 563 (La.App. 1st Cir.1986). A sentence will be considered excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Sims, 410 So.2d 1082 (La.1982). To determine if a sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society and determine whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982). A trial court has wide discretion to impose a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
In sentencing defendant, the trial court noted that, although this conviction was defendant’s first felony conviction, he was in the position of being a multiple DWI offender. The trial court stated that there was an undue risk that, during any period of suspension of sentence or probation, defendant was likely to commit the same crime; that defendant was in need of correctional treatment; and that any lesser *429 sentence would deprecate the seriousness of the crime.
The trial court considered the twelve factors enumerated in LSA-C.Cr.P. art. 894.1. The record reflects that defendant’s sentence is neither disproportionate nor cruel and excessive.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. We note that insufficient evidence is not properly raised by a motion for new trial. See State