DOMENGEAUX, Chief Judge.
Allen Johnson, Jr. filed a petition in district court seeking judicial review of an administrative ruling which suspended his driving privileges for failure to submit to a chemical test under La.R.S. 32:661. After conducting a trial de novo, the district court directed a verdict in Johnson’s favor, reversing the administrative ruling and reinstating Johnson’s driving privileges. On appeal, the Department of Public Safety and Corrections asked that the directed verdict be reversed and that the case be remanded for a continuation of the trial.
We agree with the Department that the directed verdict in Johnson’s favor should be reversed. However, because we find the trial court should not have conducted a trial de novo, we will remand this case with instructions that the district court review the administrative record in accordance with the Louisiana Administrative Procedure Act, specifically La.R.S. 49:964 E.
FACTS
In the early morning hours of July 22, 1989, Johnson was arrested by State Trooper Richard Elliott for driving while intoxicated. Johnson refused to submit to a chemical test, and the Department suspended his driver’s license. He timely requested an administrative hearing, after which the hearing officer upheld the Department’s suspension. The administrative proceedings were not introduced into the record of the district court.
At trial in the district court, Trooper Elliott testified regarding the events leading up to Johnson’s arrest. He stated that he first observed Johnson’s vehicle stopped at the red light at Broad Street and Pamco Road in Lake Charles. When the light turned green, Trooper Elliott noted that Johnson did not immediately proceed through the intersection. When Johnson finally responded to the light change, the trooper observed Johnson’s vehicle weaving in the roadway, noting that several times its left tires straddled the double yellow lines separating oncoming traffic. Trooper Elliott then began to follow Johnson, later observing Johnson’s vehicle straddle the white line which separated the two west bound traffic lanes as his vehicle crossed a small bridge. At this point, Trooper Elliott decided to stop Johnson, and he turned on his flashing lights. However, Johnson did not acknowledge the trooper’s signal to stop, continuing to travel about four tenths of a mile before pulling into a restaurant parking lot.
When Johnson emerged from his car, Trooper Elliott smelled the odor of alcoholic beverages on his breath and observed that Johnson’s eyes were bloodshot and that his speech was slurred. At first, Johnson refused to give the trooper his driver's license. Then Johnson failed to follow Trooper Elliott’s instructions for the admin *865 istration of certain field sobriety tests. When Trooper Elliott tried to handcuff Johnson after placing him under arrest, Johnson pushed the officer away and went into the restaurant. After calling for assistance from other officers, Trooper Elliott had to enlist the help of a restaurant patron in handcuffing Johnson.
REASONABLE GROUNDS
At the conclusion of the State’s evidence, the district court directed a verdict in Johnson’s favor after finding Trooper Elliott did not have reasonable grounds to stop Johnson. Our review of the testimony and the applicable jurisprudence leads us to conclude the trial court clearly erred on this point.
The record reveals that Trooper Elliott observed Johnson engage in a pattern of erratic driving before stopping him. Although Johnson’s failure to immediately respond to the traffic light and his weaving in his own lane may not have been violations of a criminal statute per se, these actions certainly warranted further observation of Johnson by the officer. Upon following Johnson, Trooper Elliott observed Johnson was not driving wholly within his own lane of travel. Johnson’s left tires straddled the double yellow line several times, and Johnson failed to stay in his own lane as he crossed a bridge. At the very least, Trooper Elliott had reasonable cause to believe Johnson committed the violation of improper lane usage and possibly failure to maintain control. See State v. Williams, 560 So.2d 899 (La.App. 1st Cir.1990), writ denied, 565 So.2d 948 (La.1990); La.R.S. 32:79 and 58. Further, considering the lateness of the hour and the unusual behavior exhibited by Johnson, Trooper Elliott certainly entertained a reasonable belief that Johnson’s behavior could have been alcohol related.
The trial court based its ruling on State v. Vaughn, 448 So.2d 915 (La.App. 3d Cir. 1984); however, we find Vaughn easily distinguishable. In Vaughn, another panel of this court held that under the facts of that case, the officer’s observation of one six-inch intrusion into the oncoming lane over a distance of one to one and a half city blocks did not present reasonable cause to stop the defendant. In the instant case, the officer observed a consistent pattern of erratic driving which indicated that Johnson could not remain in his own lane of travel.
TRIAL DE NOVO
The State asked that the case be remanded for continuation of the trial. However, we find that under La.R.S. 32:668 C, the district court should not have conducted a trial de novo, but rather should have conducted only a review of the administrative record. See Flynn v. State, Dept. of Public Safety and Corrections, 597 So.2d 529 (La.App. 1st Cir.1992), writ granted, March 22, 1992.
In Flynn, the First Circuit stated:
Where the legislature has mandated a formal, detailed administrative hearing and specified the scope of that hearing, as it has in § 668, and has not clearly provided for a de novo judicial review of that agency determination, we do not perceive that the legislature intended a de novo review by the district court. Due process is satisfied here by the formal administrative hearing, which may be followed by a review of the record in district court.
597 So.2d at 533-534.
The Flynn decision was based on the well accepted principle that where the legislature does not expressly provide for a trial de novo, a review of the record of the administrative agency is the type of judicial review that takes place. Pardue v. Stephens, 558 So.2d 1149 (La.App. 1st Cir.1989); La.R.S. 49:964 A. We agree with the First Circuit’s holding that La.R.S. 32:668 does not expressly provide for a trial de novo. In such circumstances, judicial review is limited to a review of the administrative record. If it is shown to the satisfaction of the court that additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, then the court may order the agency to take additional evidence. La.R.S. 49:964 E.
*866 For the above reasons, the directed verdict rendered by the trial court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to plaintiff-appellee, Allen Johnson, Jr.
REVERSED AND REMANDED.
ON APPLICATION FOR REHEARING BY STATE, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
REHEARING GRANTED AND MADE PEREMPTORY: On November 30, 1992, after the rendition of our opinion in this case, the Louisiana Supreme Court rendered a decision in the case of Linda B. Flynn v. State of Louisiana, Department of Public Safety & Corrections, No. 92-C-0961, concluding that when a person seeks judicial review of a driver’s license suspension or denial under LSA-R.S. 32:668(C) that person is entitled to a trial de novo in the district court.
To the extent that our original opinion, see page 863, is not contra to the above referred to Louisiana Supreme Court case, we adhere thereto, particularly in reference to our conclusion that the district judge erred in not finding reasonable grounds for stopping Johnson. However, in view of the directed verdict granted, it was not necessary that Johnson present any evidence. On remand, as hereinafter ordered, Johnson is to be allowed to present his defense.
Accordingly, we recall our original remand order to the district court. For the reasons set out in our opinion, we further adhere to the conclusion that the trial judge erred in directing a verdict in Johnson’s favor. We remand to the trial court for a continuation of the trial de novo allowing Johnson to present his evidence and any rebuttal offered by the State. Appellate costs are assessed to Allen G. Johnson, Jr. Trial court costs to await final disposition of this case.
REVERSED AND REMANDED TO DISTRICT COURT.