827 So.2d 534 (2002)
STATE of Louisiana
v.
Gregory SHIVERS.
No. 02-466.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
Maxwell J. Bordelon, Jr., Assistant District Attorney, J. Eddie Knoll, District Attorney, Marksville, LA, for State of Louisiana.
Charles A. Riddle, III, Marksville, LA, for Gregory P. Shivors.
Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS, and MARC T. AMY, Judges.
THIBODEAUX, Judge.
The Defendant, Gregory P. Shivers[1], appeals his third offense DWI conviction and assigns as error the denial of his motion to suppress. He urges that the initial traffic stop was improper and, therefore, the evidence of DWI was improperly obtained. Because we believe the arresting officer had a reasonable basis for the traffic stop, we affirm the trial court's denial of Mr. Shivers' motion to suppress and also affirm his conviction. We, however, vacate his sentence and remand for resentencing under the new provisions of La.R.S. 14:98 which were effective on August 15, 2001.

*535 FACTS

On March 5, 2000, Deputy Jeremy Austin, then a narcotics detective, was traveling on Highway 451 in Moreauville, in Avoyelles Parish, Louisiana. He observed Defendant cross the centerline and drive in the opposite lane for approximately fifty yards for approximately five seconds.
Based upon the traffic violation, Austin initiated a traffic stop. The deputy contacted the local police chief, who proceeded to the scene and took over the investigation. Austin left the scene and proceeded to his regular duties.
Austin's initial observations upon making the stop, and the subsequent police investigation, indicated that Mr. Shivers was intoxicated.

DENIAL OF MOTION TO SUPPRESS
In his sole assignment of error, Defendant argues the trial court erred by denying his motion to suppress. The trial court found the Defendant had been driving in the wrong lane, giving Officer Austin reasonable grounds to believe a traffic violation had occurred and it was legally permissible to stop the Defendant.
In his trial argument, Defense counsel appeared to acknowledge that the traffic violation, i.e., driving in the wrong lane, occurred.[2] However, he argued his action was reasonable due to the configuration of the intersection Defendant was approaching. We disagree.
State v. Waters, 00-0356 (La.3/12/01); 780 So.2d 1053, 1056-1057 explained:
We concur with the trial court and the dissent that Corporal Magee had an objectively reasonable basis for stopping respondent's vehicle. As a general matter, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) (citations omitted). The standard is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer. Whren, 517 U.S. at 813, 116 S.Ct. at 1774 ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). Although they may serve, and may often appear intended to serve, as the prelude to the investigation of much more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants. See, e.g., State v. Richards, 97-1182, p. 2 (La.App. 5th Cir.4/15/98), 713 So.2d 514, 516 (failure to come to a complete stop at a stop sign); State v. Dixon, 30,495, p. 1 (La. App.2d Cir.2/25/98), 708 So.2d 506, 507 (traveling less than a car length behind lead vehicle); State v. Duran, 96-0602, p. 1 (La.App. 5th Cir.3/25/97), 693 So.2d 2, 3 (failure to signal before changing lanes). In Louisiana, as in other jurisdictions, a car which partially leaves its lane of travel and crosses the fog line either at the center of a divided highway or on the right hand shoulder of the road therefore provides the police with probable cause to believe that a traffic violation for improper lane use has occurred. State v. Inzina, 31,439, p. 12-13 (La.App. 2nd Cir.12/9/98), 728 So.2d 458, 466 (vehicle crossed right-hand fog line and nearly struck storm drain); State v. Colarte, 96-0670, p. 4 (La.App. 1st Cir. 12/20/96), 688 So.2d 587, 591 (without signaling vehicle veered from the left lane into the right lane and then crossed the fog line on the shoulder), writ denied, 97-1015 (La.10/3/97), 701 *536 So.2d 197; see also United States v. Jones, 185 F.3d 459, 461 (5th Cir.1999) (vehicle momentarily crossed the lefthand fog lane of its lane while avoiding construction work); United States v. Smith, 80 F.3d 215, 219 (7th Cir.1996) (vehicle crossed over fog line on shoulder of the lane); United States v. Quinones-Sandoval, 943 F.2d 771, 773 (7th Cir.1991) (vehicle ran over left and right fog lines while passing); United States v. Fiala, 929 F.2d 285, 286 (7th Cir.1991) (vehicle drifted roughly one-half its width over the right-hand fog line of a divided highway); but see State v. Vaughn, 448 So.2d 915, 916 (La.App. 3d Cir.1984) (vehicle crossing six inches over center fog line for approximately 10 feet and then weaving in its own lane did not give rise to reasonable suspicion for an investigatory stop).
* * *
In Whren, the Supreme Court expressly addressed concerns that its objective standard for determining the reasonableness of vehicular stops based on traffic infractions would throw open wide the door to the use of myriad traffic regulations by the police "to single out almost whomever they wish for a stop." Whren, 517 U.S. at 818, 116 S.Ct. at 1777. "[W]e know of no principle," the Court observed, "that would allow us to decide at what point a code of law becomes so expansive and so commonly violated that infraction itself can no longer be the ordinary measure of the lawfulness of enforcement." Id. We therefore find the violation in the present case no more hypothetical or tenuous than the offense for which the police stopped a second vehicle in United States v. Smith after observing an air freshener hanging from the vehicle's rear view mirror in apparent violation of state law prohibiting material obstructions between the driver and the windshield, Id., 80 F.3d at 219, or the violations in United States v. Williams, 106 F.3d 1362, 1364 (7th Cir.1997), in which the police officer observed the defendant's vehicle signal a left turn 30 feet from an intersection instead of the 100 feet required by law, and then stop slightly forward of the stop sign at the intersection, again in violation of state law which required a stop at a point "nearest the intersecting roadway...." Federal and state jurisprudence in this area makes plain that the objective standard of Whren "is indifferent to the relatively minor nature of the traffic offense." Williams, 106 F.3d at 1365.
Under Waters and Whren, the police may conduct stops based on traffic violations, even minor ones. Thus, the assignment lacks merit.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. There is one error patent concerning the legality of the Defendant's sentence.
A recent supreme court case, State v. Mayeux, 01-3195 (La.6/21/02); 820 So.2d 526, held that for the purposes of La.R.S. 14:98, the penalty provisions in effect at the time of conviction govern sentencing. Act 1163 of the 2001 Regular Session amended the sentencing provisions for DWI offenders. The effective date of the amendment was August 15, 2001. Since the Defendant was convicted in February of 2002, the amendments were in effect. Therefore, they should have been applied in the formulation of Defendant's sentence.
The Defendant was sentenced to serve one year in the custody of the Louisiana Department of Corrections. The sentence was suspended and the Defendant was *537 placed on supervised probation for three years, subject to the following conditions: a fine of $2,000.00, $162.00 in court costs, $300.00 for cost of prosecution, all payable at the rate of $100.00 per month, plus $50.00 per month supervision fee, commencing April 1, 2002. The Defendant was further ordered to serve thirty days in the parish jail without benefit of probation, parole or suspension of sentence, which was commuted to time served. Upon completion of the sentence, the Defendant was ordered to undergo a substance abuse evaluation and to undergo substance abuse treatment at an in-patient facility for not less than two weeks nor more than six weeks. Upon completion of the treatment, the Defendant was to be placed on home incarceration for the remainder of his probation. Additionally, the court ordered the Defendant to pay $5.00 to the Louisiana State Police Sex Offender Fund. Finally, the court ordered that any vehicle operated by the Defendant is required to have an ignition interlock device.
Under the provision of La.R.S. 14:98 in effect at the time of the Defendant's conviction, the court was required to specify the conditions of home incarceration, as provided in La.R.S. 14:98(D)(3)(a), and to require the Defendant to obtain employment and participate in a court-approved driver improvement program. See La.R.S. 14:98(D)(3)(b). We recognize the failure of the trial court to impose these provisions pursuant to State v. Williams, 00-1725 (La.11/28/01); 800 So.2d 790. We, therefore, vacate the Defendant's sentence and remand to the trial court for resentencing.

CONCLUSION
Based on the foregoing, the Defendant's conviction is affirmed. However, we vacate the Defendant's sentence and remand this case to the trial court for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED TO TRIAL COURT FOR RESENTENCING IN ACCORDANCE WITH OUR INSTRUCTIONS.
NOTES
[1] The cover sheets of the parties' briefs spell Defendant's last name as "Shivors." However, the body of the Defense brief, and more importantly, the documents within the record, show his last name as "Shivers." The Jurisdictional Index and the cover of the record prepared by the district court clerk spells the name "Shivors."
[2] The specific traffic violation was not identified by citation number.