**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-211

STATE OF LOUISIANA

VERSUS

CLAYTON W. RECTOR

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, 72086 and 72087
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

**J. DAVID PAINTER
JUDGE**

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Chris J. Roy, pro tem, Judges.

**AFFIRMED.**

**Edwin L. Cabra, Assistant District Attorney**
**Thirtieth Judicial District**
**P.O. Box 1188**
**Leesville, LA 71496**
**(337) 239-2008**
**Counsel for State of Louisiana**

**Edward K. Bauman, Attorney at Law**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602**
**(337) 436-2900**
**Counsel for Defendant-Appellant:**
    **Clayton W. Rector**

**PAINTER, Judge.**

Defendant, Clayton W. Rector, pled guilty to possession of alprazolam pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), and was sentenced to four years at hard labor and to pay a fine of one thousand dollars and court costs. He appeals his conviction, asserting that the trial court erred in failing to suppress evidence obtained as the result of what Defendant alleges was a pretextual traffic stop. Finding that the arresting officer had probable cause to stop Defendant for the traffic violation at issue, we find no abuse of discretion in the trial court's denial of Defendant's motion to suppress and affirm his conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was stopped by police for failure to signal within 100 feet of an intersection. While being questioned, Defendant admitted he had marijuana in his pocket. During a search of Defendant's person and truck, police found marijuana, two crack pipes, alprazolam, and a plastic container with what appeared to be crack cocaine and a razor blade inside it.

Defendant was charged by bill of information with possession of alprazolam, a violation of La.R.S. 40:969. In a separate bill of information, Defendant was charged with possession of drug paraphernalia, a violation of La.R.S. 40:1023, and possession of marijuana, a violation of La.R.S. 40:964. Defendant entered a plea of not guilty to all charges.

Defendant's Motion to Suppress was denied, and Defendant then entered a guilty plea to possession of alprazolam pursuant to *Crosby*, 338 So.2d 584, reserving his right to seek review of the trial court's denial of his motion to suppress. The remaining charges were dismissed. Defendant was sentenced to serve four years at hard labor and to pay a fine of one thousand dollars and costs of court.

1

Defendant is now before this court asserting one assignment of error wherein he contends that the trial court erred in failing to grant his Motion to Suppress. For the following reasons, we find that this assignment of error lacks merit.

**DISCUSSION**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

*Motion to Suppress*

In his only assignment of error, Defendant contends the trial court erred in failing to grant his Motion to Suppress. The only witness called at the hearing on the Motion to Suppress was Officer Rodney Hunnicutt. Officer Hunnicutt testified that at noon on December 13, 2006, he was patrolling the area of Nona Street, a high crime area where illegal drugs are sold, in a marked police car, when he observed a maroon Dodge truck on Orleans Street. The truck was stopped in the middle of the road with a black male standing outside the driver's side window. When Officer Hunnicutt got closer to the truck, the truck "left pretty quickly." Officer Hunnicutt believed some type of drug transaction had taken place or was about to take place, so he continued to observe the truck. When the truck got to the intersection of Verone and Nona Streets, it came to a complete stop at the stop sign, was there for a few seconds, signaled left, and made a left turn. Officer Hunnicutt testified that since Defendant committed a traffic violation (failure to signal prior to 100 feet of the intersection), he got behind the truck, ran the license plate, and initiated a traffic stop. Officer Hunnicutt pulled Defendant over approximately one mile from the intersection where the traffic violation occurred. Officer Hunnicutt exited his police

2

car and began to speak to Defendant, who appeared to be agitated. Officer Hunnicutt patted Defendant down and located a pocket knife. Officer Hunnicutt then asked Defendant to empty his pockets, and Defendant complied. Next, Officer Hunnicutt asked Defendant if he had any illegal contraband on his person, and Defendant said he had marijuana in his shirt pocket. Officer Hunnicutt recovered the marijuana. Officer Hunnicutt also indicated that Defendant had a crack pipe in the envelope which contained his proof of insurance and registration. Officer Hunnicutt seized the crack pipe and placed Defendant in handcuffs and advised him of his rights.

Officer Hunnicutt proceeded to search the front compartment of Defendant's truck as part of a search incident to arrest. Officer Hunnicutt found a plastic container with what appeared to be crack cocaine and a razor blade inside it, a crack pipe, and a pill bottle that contained alprazolam that had not been prescribed to Defendant in the center console of the truck.[1] Officer Hunnicutt also recovered marijuana from a film container located on the center floorboard of the truck.

After hearing this testimony, the trial court denied the motion, finding:

> Okay. All right. This is a motion to suppress which, among other things, is questioning the probable cause for the stop. The officer's first testimony was that he observed this vehicle, didn't know who at the time was in that vehicle, didn't know - have a name or a face, but noticed it under circumstances that would have led one to believe that it was probable that a drug, drug transaction may have been occurring. It was in a high crime, high drug activity area. A vehicle was stopped in the middle of the road, an individual was standing in the middle of the road next to the driver's side door. As Mr. Tillman indicated, it could have been very innocent, could have been asking for directions, but I think it's - under, under the circumstances it's just as reasonable to believe it, it could have been a transaction. One is not more prudent (sic) or, or - not prudent but more credible or believable than the other, quite frankly. So, the officer, in doing his job, stopped to observe and conduct some surveillance and low and behold this individual drives right up to him practically and then commits a traffic offense. I don't know what other probable cause an officer needs to be honest with you Mr. Tillman. If

---

[1]Defendant told Officer Hunnicutt about the alprazolam.

3

you consider "the totality of the circumstances", I think there's sufficient probable cause.

In *State v. Leger*, 05-11, p. 10 (La. 7/10/06), 936 So.2d 108, 122, *cert. denied*, ___ U.S. __, 127 S.Ct. 1279 (2007), our supreme court held that:

> Trial courts are vested with great discretion when ruling on a motion to suppress. Consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. *State v. Long*, 2003-2592 p. 5 (La.9/9/04), 884 So.2d 1176, 1179-1180, *cert. denied*, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005).

On appeal, Defendant asserts that Officer Hunnicutt erroneously thought that Defendant had committed a traffic violation. He argues that the legislative intent of La.R.S. 32:104 does not require an individual to put his turn signal on 100 feet before coming to a stop sign or risk being issued a citation. Defendant asserts that to hold otherwise would be absurd, as it would require individuals to know whether or not they were making a right or a left turn well before coming to a stop. Defendant asserts that La.R.S. 32:104 was enacted to prevent vehicles that slow down and turn off the highway from colliding with other vehicles and a person stopping at a stop sign is not engaging in that conduct.

Defendant also asserts that Officer Hunnicutt's actions were clearly pretextual. Defendant further asserts the illegal detention was intended to secure his consent to search the vehicle and that the State failed to prove his consent was "'sufficient an act of free will to purge the primary taint of the illegal [seizure]. . . .'"

*State v. Waters*, 00-356 (La.3/12/01), 780 So.2d 1053, 1056-1057 explained:

> . . . As a general matter, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) (citations omitted). The standard is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer. *Whren*, 517 U.S. at 813, 116 S.Ct. at

4

1774 ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). Although they may serve, and may often appear intended to serve, as the prelude to the investigation of much more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants. See, e.g., *State v. Richards*, 97-1182, p. 2 (La.App. 5th Cir.4/15/98), 713 So.2d 514, 516 (failure to come to a complete stop at a stop sign); *State v. Dixon*, 30,495, p. 1 (La.App.2d Cir.2/25/98), 708 So.2d 506, 507 (traveling less than a car length behind lead vehicle); *State v. Duran*, 96-0602, p. 1 (La.App. 5th Cir.3/25/97), 693 So.2d 2, 3 (failure to signal before changing lanes). In Louisiana, as in other jurisdictions, a car which partially leaves its lane of travel and crosses the fog line either at the center of a divided highway or on the right hand shoulder of the road therefore provides the police with probable cause to believe that a traffic violation for improper lane use has occurred. *State v. Inzina*, 31,439, p. 12-13 (La.App. 2nd Cir.12/9/98), 728 So.2d 458, 466 (vehicle crossed right-hand fog line and nearly struck storm drain); *State v. Colarte*, 96-0670, p. 4 (La.App. 1st Cir. 12/20/96), 688 So.2d 587, 591 (without signaling vehicle veered from the left lane into the right lane and then crossed the fog line on the shoulder), *writ denied*, 97-1015 (La.10/3/97), 701 So.2d 197; see also *United States v. Jones*, 185 F.3d 459, 461 (5th Cir.1999) (vehicle momentarily crossed the left-hand fog lane of its lane while avoiding construction work); *United States v. Smith*, 80 F.3d 215, 219 (7th Cir.1996) (vehicle crossed over fog line on shoulder of the lane); *United States v. Quinones-Sandoval*, 943 F.2d 771, 773 (7th Cir.1991) (vehicle ran over left and right fog lines while passing); *United States v. Fiala*, 929 F.2d 285, 286 (7th Cir.1991) (vehicle drifted roughly one-half its width over the right-hand fog line of a divided highway); but see *State v. Vaughn*, 448 So.2d 915, 916 (La.App. 3d Cir.1984) (vehicle crossing six inches over center fog line for approximately 10 feet and then weaving in its own lane did not give rise to reasonable suspicion for an investigatory stop).

\* \* \*

In *Whren*, the Supreme Court expressly addressed concerns that its objective standard for determining the reasonableness of vehicular stops based on traffic infractions would throw open wide the door to the use of myriad traffic regulations by the police "to single out almost whomever they wish for a stop." *Whren*, 517 U.S. at 818, 116 S.Ct. at 1777. "[W]e know of no principle," the Court observed, "that would allow us to decide at what point a code of law becomes so expansive and so commonly violated that infraction

5

itself can no longer be the ordinary measure of the lawfulness of enforcement." *Id*. We therefore find the violation in the present case no more hypothetical or tenuous than the offense for which the police stopped a second vehicle in *United States v. Smith* after observing an air freshener hanging from the vehicle's rear view mirror in apparent violation of state law prohibiting material obstructions between the driver and the windshield, *Id*., 80 F.3d at 219, or the violations in *United States v. Williams*, 106 F.3d 1362, 1364 (7th Cir.1997), in which the police officer observed the defendant's vehicle signal a left turn 30 feet from an intersection instead of the 100 feet required by law, and then stop slightly forward of the stop sign at the intersection, again in violation of state law which required a stop at a point "nearest the intersecting roadway. . . ." Federal and state jurisprudence in this area makes plain that the objective standard of *Whren* "is indifferent to the relatively minor nature of the traffic offense." *Williams*, 106 F.3d at 1365.

> Under *Waters* and *Whren*, the police may conduct stops based on traffic violations, even minor ones.

*State v. Shivers*, 02-466, pp. 2-4 (La.App. 3 Cir. 10/2/02), 827 So.2d 534, 535-36.

In *State v. Sherman*, 05-779 p. 15 (La. 4/4/06), 931 So.2d 286, 295, the

supreme court discussed *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769,

1772 (1996), as follows:

> In a unanimous decision, the United States Supreme Court held that when a purportedly pretextual traffic stop has been made where there was probable cause to believe the motorist violated the traffic laws, no Fourth Amendment challenge may be undertaken on the basis the subjective intent of the officers was to use the traffic stop as a means of investigating other law violations. *Id*., 517 U.S. at 810-813, 116 S.Ct. at 1773-1774.

In *State v. Warren*, 05-2248, pp. 18-19 (La. 2/22/07), 949 So.2d 1215, 1229-30

(footnote omitted), the supreme court discussed searches incident to arrest as follows:

> In *Thornton v. United States*, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905(2004), the United States Supreme Court, held that the Fourth Amendment allows an officer to search vehicle's passenger compartment as a contemporaneous incident of arrest, even when officer does not make contact until the person arrested has already left the vehicle.
>
> Similarly, in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the United States Supreme Court, held that: when a policeman has made a lawful custodial arrest of the occupants of an automobile he may, as a contemporaneous incident of that arrest, search the passenger compartment of the vehicle and may also examine the contents of any container found within the passenger compartment

and such "container", i.e., an object capable of holding another object, may be searched whether it is open or closed, and where defendant, an automobile occupant, was subject of lawful custodial arrest on charge of possessing marijuana, search of defendant's jacket, which was found inside passenger compartment immediately following arrest, was incident to lawful custodial arrest, notwithstanding that officer unzipped pockets and discovered cocaine.

In the present case, we find that the trial court did not err in finding that Officer Hunnicutt had probable cause to stop Defendant for the traffic violation at issue. Once Defendant admitted he had marijuana in his pocket, Officer Hunnicutt had probable cause to arrest Defendant and could then search Defendant's person and vehicle as part of a search incident to arrest. Thus, all evidence found on Defendant's person and in his truck would be admissible at trial.

We note that Officer Hunnicutt testified that Defendant gave him consent to search the truck and, at the time Defendant entered his guilty plea, the State asserted that Defendant consented to a search of his truck. Defendant asserts that the State failed to prove that consent was freely given. We cannot ascertain from the transcript at what point consent to search was requested and given by Defendant. However, we will not address this claim because Officer Hunnicutt testified that he searched the truck as part of a search incident to an arrest and that the search took place after Defendant was handcuffed and read his rights.

Additionally, we do not address Defendant's claim regarding the legislative intent of La.R.S. 32:104, as this issue was not raised in the trial court. New legal arguments cannot be made for the first time on appeal. Therefore, this portion of the assignment of error is not properly before the court. Uniform Rules—Courts of Appeal, Rule 1-3; *State v. Perkins*, 07-423, p. 7 (La.App. 3 Cir. 10/31/07), 968 So.2d 1178, 1183, *writ denied*, 07-2408 (La. 5/9/08), 980 So.2d 688.

7

For the reasons asserted herein, we find that Defendant's assignment of error lacks merit.

## DECREE

For all of the foregoing reasons, Defendant's conviction is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.